UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JIMMY D. JONES, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 2:16-cv-0369-RLM-MJD |
| RICHARD BROWN Superintendent, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Jimmy D. Jones for a writ of habeas corpus challenges a prison disciplinary proceeding, WVD 16-02-0102, in which he was found guilty of possessing counterfeit documents. For the reasons explained in this entry, Mr. Jones' habeas petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On February 18, 2016, Sergeant Lantrip issued a Report of Conduct charging Mr. Jones with possession of counterfeit documents in violation of Code B-230. The Report of Conduct states:

> On 2/18/16 at approx. 830am I Sgt. Lantrip was observing CAB on Offender Jones, Jimmy #891782 where he was claiming that he had a set of Wahl clippers on his inve[n]tory sheet. I then contacted classification and C/O M. Christy to obtain the original copies. On the copies from classification and C/O M. Christy there was no Wahl clippers. Offender Jones had a copy that was dated the same day and same officer where Wahl clippers have been added.

Dkt. 8-1.

Mr. Jones was notified of the charge on February 23, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Mr. Jones did not request any witness statements and that he requested as evidence the original of the document he allegedly gave to the CAB. Dkt. 8-2.

The hearing officer conducted a disciplinary hearing on February 25, 2016. Dkt. 8-13. The hearing officer noted Mr. Jones' statement, "I did not present a forged document. Where is the original that I allegedly gave them. If I did, they should have confiscated it." *Id*. Relying on the staff reports, the statement of the offender, evidence from witnesses, copies of the documents, and the confidential mental health statement, the hearing officer determined that Mr. Jones had violated Code B-230. *Id*. The sanctions imposed included a written reprimand, one month of lost phone privileges, 30 days of disciplinary segregation (suspended), and the deprivation of 60 days of earned credit time. *Id*.

Mr. Jones' appeals were denied. This habeas action followed.

### III. Analysis

Mr. Jones argues that his due process rights were violated during the disciplinary proceeding because: 1) the evidence was insufficient to find him guilty because Sgt. Lantrip provided him with a copy and not the original document requested; and 2) the hearing officer also denied his request for the original allegedly forged document.

An inmate "facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonell*, 418 U.S. at 566. Here, Mr. Jones alleges that he was improperly denied evidence he requested. Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d at 847 (internal quotation omitted). In the prison disciplinary context, the purpose of the rule requiring disclosure of exculpatory evidence is "to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (internal quotation omitted).

Mr. Jones argues that he asked for the original document that he allegedly forged and gave the CAB "to show the fact finder that the accuser could not produce the actual document that he claimed Petitioner had forged because such a document did not exist[] and Sgt. Lantrip and c/o Chapman had fabricated the entire conduct report…." Dkt. 1, p. 2. The Screening Officer noted that the "original was copied and returned to offender on date of incident." Dkt. 8-2. The inventory list that Mr. Jones presented during the hearing on the other case formed the basis for the charge in this case. On docket 8-5, the Unit Inventory List of Personal Property marked "copy offender gave at hearing," has hand-written words appearing to be "Wahl Trimmers" which do not appear on docket 8-4. Rather than using terms "copy" and "original," the record contains and Mr. Jones

was provided what has been offered as the unaltered Inventory List as well as the one that has hand-written words added. It is the contrast between these two documents that is relevant to the charge.

The record provides no support for Mr. Jones' theory that the "original" document didn't exist. Too, his requests for the evidence used against him weren't denied. He also has not shown that any evidence not in the record was somehow exculpatory and prejudiced the outcome of the hearing. *See Jones v. Cross*, 637 F.3d at 847 (harmless error analysis applies in this context). Therefore, his "denial of evidence" claim fails.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Supt. v. Hill*, 472 U.S. at 455-456. The Report of Conduct and copies of the Unit Inventory Lists, one containing hand-written words and one not, are sufficient to satisfy the low standard for sufficiency of the evidence in this context.

Mr. Jones was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Jones' due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff v. McDonnell,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Jones' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

   /s/ Robert L. Miller, Jr.
United States District Judge
Sitting by designation

Date: October 17, 2017

Distribution:

Electronically registered counsel

JIMMY D. JONES
891782
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838